FILED
07 JUL 27 PM 3:37
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: PDC   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLARK, an individual<br><br>Plaintiff,<br><br>v.<br><br>QUALITY HOME LOANS, a California Corporation, a/k/a QHL HOLDINGS, FUND TEN, LLC, a California limited liability company, SENIOR AMERICAN FUNDING, INC., f/k/a/ FIRST CALIFORNIA FUNDING GROUP, INC., a California corporation; CERTIFIED ESCROW, INC., a California corporation; BRIAN W. WHITE, an individual; RADONDO C. COLBERT, an individual; MATTHEW DAVID COPLEY, an individual; PRINCIPAL LIFE INSURANCE COMPANY, a corporation;<br><br>Defendants. | Case No. 07 CV 287 BEN (BLM)<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION |

1  In order to protect confidential and trade secret proprietary information, good cause appearing,
2  and based on the stipulation of the parties to this action by and through their attorneys of record, IT IS
3  HEREBY STIPULATED AND ORDERED AS FOLLOWS:
4
5  This Order Regarding Confidential and Trade Secret Information ("Order") shall govern the
6  use of confidential information produced during discovery in this proceeding. For purposes of this
7  Order, the party designating information, documents, materials or items as confidential bears the
8  burden of establishing the confidentiality of all such information, documents, materials or items.
9  a. Subject to the public policy and further Court Order, nothing shall be filed under seal, and
10 the Court shall not be required to take any further action with regard to material a party has designated
11 as 'Confidential' without separate prior Court Order made after application by either party; and
12 b. This Order is made without prejudice to either party seeking a further Order concerning any
13 document or information felt to be entitled to a greater degree of protection.
14
15 1.  For the purposes of this Order, "Confidential" information means the following types of
16 documents and information:
17
18 (a) information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1;
19
20 (b) financial or actuary projections, analyses or studies reflecting current or future
21 experience or actions;
22
23 (c) non-public communications with regulators, Departments of Insurance or other
24 governmental bodies that are intended to be kept confidential and/or are protected from disclosure by
25 statute or regulation;
26
27
28

-2-
STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

(d) information, material, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; and

(e) policyholder-specific information.

(f) by agreeing to this definition, no party intends to expand or enlarge any privilege or right any party may have to protect confidential information under existing Federal or California law.

2. Any party may seek an amendment to this Order to designate confidential documents and information in addition to the categories described in Paragraph 1 before production of any such documents and information. The parties agree to meet and confer in good faith and attempt to reach agreement on any request by a party to designate such additional categories of confidential documents or information.

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with one of the following legends:

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL"

Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document.

4. The designation of any material as "Confidential" pursuant to this Order shall constitute the verification of the producing party that the material constitutes Confidential information as defined in Paragraph 1 of this Order.

5. Material designated by a party or non-party or their counsel ("Designating Party") as confidential under this Order (hereinafter "Confidential Material") shall be used by persons receiving it only for the purposes of the litigation or settlement of this action. Confidential Material may be used

for such other purposes or in such other actions as agreed in writing by the parties or ordered by the Court.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the following persons (hereinafter "Qualified Persons"):

(a) the parties to this action or officers, directors, or employees of a party, who are deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action; putative class members shall not be considered to be a party to this action; in the event a class is certified, members of the certified class who are deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action;

(c) the court and any person employed or retained by the Court whose duties require access to confidential material;

(d) stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

(e) any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

-4-
STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

(f) actual and/or potential trial or deposition witnesses, where counsel believes, in good faith that disclosure is necessary to prepare for or develop the testimony of such witnesses.

(g) experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

(h) employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

(i) such other persons as may be designated by written agreement of Counsel or by order of the Court.

7. Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 6(e) through 6(g) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A." Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order. Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 6(e) through 6(g) shall be responsible for obtaining and retaining executed originals of all such Confidentiality Agreements and advising such individuals of the significance and importance of compliance with the requirements of Attachment "A" and Paragraph 15.

8. Documents or other information designated as "Confidential" shall, if filed with the Court, be treated in accordance with the Federal Rules, and only if such rules are unavailable, then with California Rules of Court Rule 2.550 et seq., or any successor court rules or statutes.

9. In the event that the case proceeds to trial or evidentiary hearing, all documents or information filed or introduced as evidence with the Court and previously designated as Confidential

or as containing Confidential Material may be subject to a motion by any party to the court to make the documents public.

10. If a person receiving Confidential Material learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that person shall promptly request the recipient to return the Confidential Material including all copies thereof, and notify the party that produced the Confidential Material of the disclosure.

11. Nothing in this Order shall prohibit disclosure of Confidential Material in response to compulsory process or the process of any governmental regulatory agency. If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or receives notice of any subpoena or other discovery request seeking Confidential Material, such person shall (a) promptly (not more than three [3] working days after receipt of such process or notice) notify the Designating Party of such process or request in writing via fax and email, and (b) refrain from producing any Confidential Material prior to the date it is required to be produced by such process.

12. Counsel for any deponent or party may designate specific portions of deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential. The Court reporter shall separately bind such testimony and exhibits in a transcript bearing the legend "Confidential – Subject To Protective Order" on the cover page. Upon receipt of the transcript of the deposition, Counsel shall be entitled to designate specific pages and lines of the transcript of the exhibits as confidential within 30 (thirty) days after receipt of the transcript. Until Counsel for the deponent or party designates the transcript or exhibits as confidential, however, any other party shall be entitled to treat the transcript or exhibits as non-confidential material.

13. No one may attend the portions of depositions or review the transcripts of the portions of any depositions at which Confidential Material is shown or discussed other than those persons designated in Paragraph 6 and outside counsel for any non-party deponent (who shall first sign the Confidentiality Agreement).

14. A party or other person objecting to designation of any document(s) or material(s) as Confidential Material shall provide written notice of the objection to Counsel for the Designating Party, specifying the document(s) or material(s) that are the subject of the objection. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objections and any response by the Designating Party. If the objecting party or person and the Designating Party are unable to resolve the issue, the Designating Party, within fourteen (14) days after serving its written response to the objection notification, may file a motion with the Court to continue the designation of the document(s) or material(s) as "Confidential Material." Any such motion shall comply with the Federal Rules, and only if such rules are not available, then with California Rules of Court Rule 2.5550, et seq., and successor court rules or statutes. In deciding such a motion, the Court shall make an independent determination as to whether or not the document(s) or material(s) is Confidential and entitled to protection under applicable law. To maintain confidential status, the Designating Party shall have the burden of establishing that the document(s) or material(s) constitutes Confidential Material as defined in Paragraph 1 of this Order and is entitled to protection under applicable law. If the Designating Party does not file a motion seeking to maintain the "Confidential Designation" within fourteen (14) days after serving its written response to the objection to confidentiality, the document(s) or material(s) at issue shall be deemed to be no longer confidential.

15. If any Confidential Material is inadvertently provided to a discovering party without being marked as confidential in accordance with Paragraph 3 and/or 12 of this Order, the producing party may thereafter designate such materials as confidential and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality. Until the material is designated as confidential by the Designating Party, however, the discovering party shall be entitled to treat the

-7-
STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

1 material as non-confidential. When the material is designated as confidential, the discovering party
2 shall take prompt steps to assure that the material is marked as confidential or returned to the
3 Designating Party for confidential designation pursuant to Paragraph 3 and/or 12 of this Order. The
4 cost, if any, for gathering and/or marking this material as confidential shall be borne by the
5 Designating Party.

16. At the conclusion of this litigation by judgment, dismissal or final appeal, documents or other information produced with the confidential designation, and all copies thereof, shall be returned to counsel for the party producing same, who shall retain such for a period of two years thereafter. The protection afforded and responsibilities imposed by this stipulation and order shall survive the end of this litigation~~, and~~ *[handwritten: As]* the Court shall retain jurisdiction to enforce ~~it.~~ *[handwritten: the protective order for one year after the conclusion of the Litigation]* *(BLM)*

17. No party receiving documents or materials designated as "Confidential Material," shall have any obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

18. Nothing contained in this Order shall be a waiver of any objection to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

IT IS SO STIPULATED:                    Respectfully submitted,

Dated: _____                        _____
                                        William A. Markham
                                        MALDONADO & MARKHAM, LLP

Dated: 7/13/07                          _____
                                        Alex Sliheet
                                        LAW OFFICES OF RONALD MARRON

**IT IS SO ORDERED**
Dated: 7/27/07

STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

_____
Barbara L. Major
U.S. Magistrate Judge

Dated: July 13, 2007

Vanessa Lam, Esq.; Felicia Y. Yu, Esq.
REED SMITH, LLP

-9-
STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

Dated: _____    _____
BARBARA L. MAJOR
United States Magistrate Judge

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

Case Name:

Case Number:

1. I, _____, have read and understand the Stipulation and Order Regarding Confidential and Trade Secret Information (the "Order") in this action, dated _____, 2007, and agree to be bound by its terms.

2. As set forth in the Order, I shall use Confidential Material and the information in that Confidential Material, solely for the purpose of this litigation, and for no other purpose and no other case. I shall not disclose Confidential Material or the information in that Confidential Material except as permitted in the Order.

3. I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of California, for the enforcement of these agreements and the Order.

Executed this ___ day of _____, 2007.

_____
[Signature]

_____
[Type or Print Name]