
FILED
JUN 15 PM 12: 00

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLARK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY HOME LOANS, a California corporation,<br><br>Defendant. | Case No.: 3:07-cv-00287-BEN-BLM<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDER** |

## I. INTRODUCTION & PROCEDURAL HISTORY

This is an action under the Truth in Lending Act.[1] On October 12, 2007, this case was stayed pursuant to § 362 of the United States Bankruptcy Code.[2] On April 10, 2018, the Court determined the automatic stay of this case pursuant to 11 U.S.C. § 362 had been lifted and any potential claim for relief had been discharged. Accordingly, the Court ordered the Plaintiff to show cause why the case should not be dismissed and to do so within 30 days of the Order.[3] Plaintiff did not respond to the Court's Order to Show

---

[1] (Compl., Doc. No. 1.)
[2] (Notice, Doc. No. 53.)
[3] (Order, Doc. No. 87.)

1

3:07-cv-00287-BEN-BLM

Cause ("OSC"), and the deadline to do so has elapsed. For the reasons that follow, the Court **DISMISSES** this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows a party, or the Court, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order...." "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).

On April 10, 2018, the Court determined the automatic stay pursuant to 11 U.S.C. § 362 was no longer in place. Accordingly, the Court ordered the Plaintiff to show cause why the case should not be dismissed and to do so within 30 days of the Order. Plaintiff did not comply with the Court's OSC. Now, the deadline for Plaintiff to respond has passed, and neither he or the defendant have notified the Court of a settlement, requested an extension to respond or provided a status update.

When dismissing an action for failure to comply with a court order, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.3d 1421, 1423 (9th Cir. 1986) ). The Ninth Circuit affirms "a dismissal where at least four factors support dismissal, ...or where at least three factors 'strongly' support dismissal." *Yourish*, 191 F.3d at 990 (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) ). "Although it is preferred, it is not required that the district court make explicit finds in order to show that it has considered these factors and [the appeals court] may review the record independently to determine if the district court has abused its discretion." *Ferdik*, 963 F.2d at 1261.

1    The Ninth Circuit has recognized that the first and fourth factors cut in opposite
2    directions. *See Yourish*, 191 F.3d at 990 (the first factor always weighs in favor of
3    dismissal); *Hernandez*, 138 F.3d at 401 (the fourth factor always weighs against
4    dismissal). Here, the second factor weighs in favor of dismissal. The Court must manage
5    its docket to ensure the efficient provision of justice. Plaintiff filed his Complaint in
6    February 2007, and since then has repeatedly failed to comply with Court orders.

    The third factor addresses the potential risk of prejudice to the defendant. Here, the risk of prejudice to the remaining defendant is slight, to non-existent. If after the Court dismisses the action, Plaintiff does not seek reconsideration or other relief, then the defendant will have won. In the event that he does seek reconsideration, and the Court grants it, the defendant may continue to defend the action.

    As for the availability of less drastic sanctions, Plaintiff's failure to respond to the Court's OSC weighs in favor of dismissal. Here, the Court provided Plaintiff more than ample time in which to comply. Moreover, Plaintiff's actions, or lack thereof, serve as yet another example of his disregard for following Court direction or orders.[4] Plaintiff may not escape dismissal with less drastic sanctions where he repeatedly fails to comply with deadlines. More than two months have passed since Plaintiff was supposed to respond to the Court's OSC with no response, or request for relief.

    On balance, the factors set forth in *Hernandez* weigh in favor of dismissing this action. *Yourish*, 191 F.3d at 990.

///
///
///
///

---

[4] Plaintiff also failed to comply with this Courts April 23, 2008 Order (Doc. No. 76) requiring Plaintiff to notify the Court and file a Motion to Lift the Stay within 15 days of the termination of bankruptcy proceedings.

## III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

DATED: June 15, 2018

HON. ROGER T. BENITEZ
United States District Judge